UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JUWAN HALL, )
)
    Plaintiff, )
v. ) Case No. CV414-072
)
GREG McCONNELL, DETECTIVE )
ROD TYREN, STATE ATTORNEY )
GENERAL, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Juwan Hall has filed a 42 U.S.C. § 1983 complaint against two prosecutors and a detective involved in his 2005 arrest and prosecution for identity fraud. (Doc. 1 at 5-6.) Following the dismissal of the state criminal charges "for lack of prosecution" (on some unspecified date), (*id.* at 6), Hall commenced this action seeking $20,000,000 in damages for "wrongful arrest/wrongful detention" and "false imprisonment." (*Id.* at 6.) His case does not survive initial screening under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] That statute permits a district court to dismiss *sua sponte* an IFP plaintiff's complaint that is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. *See also* 28 U.S.C. § 1915A.

Hall has failed to mention any of the named defendants in the body of his complaint. While *pro se* pleadings are held to a less stringent standard than pleadings drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Hall does not furnish any clue as to what these defendants did or how their actions wronged him. His narrative simply shows that he was investigated for identity fraud based upon a tip from "Robert Schamber," charges were filed against him, and the case was ultimately dismissed. (Doc. 1 at 6.) Nothing in the complaint suggests any wrongdoing on the part of defendants.

The action also appears to be untimely. An action brought under 42 U.S.C. § 1983 is barred if not filed within two years after the cause of action accrues. *Mullinax v. McElhenney*, 817 F.2d 711, 715-16 n.2 (11th Cir. 1987); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986)

2

("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). The last court date listed in the Chatham County, Georgia court docketing system reflects that nothing has happened in Hall's criminal case since November 16, 2005. *See* Eastern Judicial Circuit of Georgia Case Details, *available at* http://www.chathamcourts.org/Case-Details/caseno/120783-01 (last visited June 23, 2014). Given that nearly a decade has passed since that date, Hall's complaint appears to be untimely by many years.

Finally, even if the complaint is timely filed, the state prosecuting attorneys are personally immune from suit for damages for their actions in pursuing the criminal charges against him.[2] *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in

---

[2] Unless Georgia's Attorney General took an active role in the prosecution, which seems extremely unlikely under the circumstances, Hall has named him for his supervisory oversight. Claims brought pursuant to § 1983, however, cannot be based upon generalized theories of vicarious liability or *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).

3

preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State'"). They are also immune in their official capacity as state agents, as such suits are barred by Eleventh Amendment sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (the Eleventh Amendment prohibits claims for damages against a state unless the state has waived immunity; official capacity suits against state officials are effectively suits against the state, so the same protection applies).[3]

As Hall has utterly failed to state a claim against any of the defendants, his § 1983 action should be **DISMISSED**.

He must now pay the Court's filing fee. Based upon his furnished information, he owes an initial partial filing fee of $83.27. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian shall set aside 20 percent of all future deposits to the account and forward

---

[3] "[S]uits against an official in his or her official capacity are suits against the entity the individual represents." *Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989). For purposes of § 1983 liability, whether an official acts on behalf of the state or county is a question of state law. The Eleventh Circuit has examined this issue and determined that "the district attorney's authority over prosecutorial decisions . . . is vested by state law pursuant to state authority." *Owens v. Fulton County*, 877 F.2d 947, 952 (11th Cir. 1989).

those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this ___26th___ day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA